Tom SUEY FONG, Plaintiff,

v.

John Foster DULLES, as Secretary of
State, Defendant.

No. 5777.

United States District Court
E. D. Wisconsin.

Dec. 30, 1958.

H. William Ihrig, Milwaukee, Wis.,
for plaintiff.

Edward G. Minor, U. S. Atty., and
Matthew M. Corry, Asst. U. S. Atty.,
Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action for declaratory judgment. The relief prayed for is that plaintiff be declared to be a citizen, that defendant be directed to issue a certificate of identity, and that defendant be directed to issue plaintiff a passport. The case was tried to the court.

Plaintiff's motion to dismiss: On September 29, 1958, during a hearing on a motion for inspection of documents, plaintiff's attorney stated that no answer had been filed. He also added that there had been an agreement extending the time for answer. No motion to dismiss was made at that time. The case was called for trial October 2, 1958. At that time plaintiff made a motion to dismiss without prejudice. He stated that he was surprised by the inability of his witness to attend the trial because of poor health. It appeared at that time that an answer had been served on plaintiff's counsel pursuant to agreement between the parties. It was brought out that plaintiff's witness' illness was of long duration. The clerk tried to set this case and had been requested not to over a long period of time because of the ill-

ness of this witness. Plaintiff's counsel had ample opportunity to take the deposition of the witness. This case was commenced in 1952. Plaintiff's motion to dismiss without prejudice is hereby denied.

■ The burden is upon the plaintiff to establish the basic facts indicating that he is entitled to relief. The parties stipulated to the authenticity of the Hong Kong file of the State Department as Exhibit 1. This stipulation left open the right to object on grounds other than authenticity. This file contains numerous documents, letters, affidavits, reports of blood typing and photographs. Exhibit 2, a photograph of the Selective Service Questionnaire of the alleged father, was received under the same stipulation and the same restrictions. Similar stipulations were made with respect to Exhibits 3 and 4, money orders, and Exhibits 5 through 9, correspondence between plaintiff and the alleged father.

■■ Under section 1740, 28 U.S.C., copies of official documents and papers in the office of any consul or vice consul, and all official entries authenticated by the consul or vice consul shall be admissible "equally with the originals". Nothing in that statute gives such documents any greater admissibility, any greater weight, or any greater effect than the originals of such documents would have. Where such documents, whether statements or affidavits, are ex parte, are hearsay, they cannot be used as evidence over objection. Objection to their use was made here. Admission of the records en masse under such stipulation does not establish the competency of each of the documents therein contained. Each paper must be examined and ruled on separately to exclude incompetent evidence. Schmeller v. United States, 6 Cir., 1944, 143 F.2d 544.

Here the defendant was accorded no opportunity of cross examining the persons who made the affidavits or made the statements. The letter of the District Director of the Immigration and Naturalization Service office, at Seattle, included in Exhibit 1, is a resumé of the pertinent parts of the files in that office. If it were competent to establish the citizenship of the alleged father, it would not be helpful to the plaintiff because of the skeptical note therein expressed in regard to the father-and-son relationship, based upon very logical conclusions.

■ Assuming that the contents of the Hong Kong file are receivable in evidence over objection, they show that this plaintiff has the presence of a pure "N" factor in his blood. It is undisputed that in order that a person with a pure "N" factor can be the son of another person, that other person, in this case the alleged father, must have an "N" factor in his blood. There were well-authenticated, thorough, tests by Dr. Davidsohn, an outstanding expert in this field, which indicate that the alleged father does not have any "N" factor in his blood. For the purpose of Dr. Davidsohn's tests, the alleged father was identified by fingerprints. There was testimony of one test taken in Milwaukee by Dr. Falsetti wherein he found an "N" factor. The identification of the alleged father as being the subject of this test was not established to the satisfaction of the court, and the court finds that the test by Dr. Falsetti was not as thoroughly run and checked as that of Dr. Davidsohn's. The court finds that on the basis of the blood test performed by Dr. Davidsohn, the plaintiff is excluded from being the son of the alleged father. Not only is the medical testimony uncontradicted with respect to the validity of these blood tests, but they have been expressly recognized by statutes. See Section 325.23, Wis.Stats., 1957.

The plaintiff relies on Kent v. Dulles, 357 U.S. 116, 78 S.Ct. 1113, 2 L.Ed.2d 1204. That case did not raise any question as to whether plaintiff was a citizen. It passed only upon the right of the State Department to deny him a passport, his citizenship being admitted.

The court is of the opinion that plaintiff has failed to meet his burden of proof. Defendant's attorney is directed to prepare proposed findings of fact and

conclusions of law and order for judgment in accord with this decision, submitting them to attorney for plaintiff for approval as to form only.